ROMONA S. KLEINMAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, February 16, 1948.

*David R. Crow* of counsel (*Tanner, Sillcocks & Friend,* attorneys), for appellant.

*Isidor Neuwirth* of counsel (*Emil Katzka,* attorney), for respondent.

*Per Curiam.* The action is to recover the accidental death benefits alleged to have accrued under two policies of life insurance issued by the defendant.

The evidence disclosed· that the insured was accidentally thrown or fell to the floor on January 19, 1943. It is the contention of the plaintiff that the fall resulted in the insured's death on April 17, 1943, of a heart attack. Proof of the causal relation between the fall and the death was offered by way of opinion testimony of a medical witness. It was the opinion of this witness, based upon the facts set forth in the hypothetical question put to him which did not include the actual condition of the heart as found at the time of the autopsy, that the fall caused a rupture of a small coronary artery, referred to medically as a coronary thrombosis, from which he never recovered and which caused his death on April 17th. He testified in part that " the left coronary artery is the large artery, but it has branches and it is these branches which become thrombosed."

He stated that the heart failure was due to the closing of one of the small coronary arteries.

Aside from the opinion testimony of defendant's medical experts, testimony was given by the doctor who performed the autopsy on the deceased. He testified that the heart was found to be one and one-half times its normal size and that the sclerosis or narrowing of the coronary vessels was quite extensive. The left or largest of the coronary arteries was so constricted at its opening that a probe the size of a pencil lead could not be

inserted into it, whereas normally the pencil itself could be inserted.

The condition of the heart as found by the autopsy clearly established that the insured was afflicted with coronary sclerosis for some time prior to the accident and that the disease had progressed to such an extent that the largest of the coronary arteries had narrowed to the point where only a trickle of blood could pass through it. This occlusion of the large artery was sufficient to have caused the death of the deceased regardless of any rupture of one of the smaller arteries.

In view of the positive direct testimony as to the actual facts as discovered by the autopsy the opinion testimony of plaintiff's expert was of no probative value whatsoever and a submission of the issue to the jury on that evidence would merely permit speculation and conjecture. The court, therefore, should have granted the defendant's motion to dismiss the complaint made at the end of the entire case. Accordingly the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

PECK, P. J., GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously reversed, with costs and the complaint dismissed, with costs.