Per Curiam.

On a prior appeal this court reversed a judgment entered on the verdict of a jury in favor of the plaintiff in this action and dismissed the complaint upon questions of law (273 App. Div. 252). This determination was reversed by the Court of Appeals on the ground that a factual issue existed as to whether the decedent’s death was due to accident within the meaning of the policy, and the matter was remitted to this court for determination upon the questions of fact in the case (298 N. Y. 759). On remittitur we reversed the plaintiff’s judgment upon questions of fact and law, and ordered a new trial (275 App. Div. 665). The case comes before us once more on the defendant’s appeal from a recovery in favor of the plaintiff at the hands of a jury on the retrial.
It appears that the plaintiff’s medical expert repeated on the second trial the opinion he had previously given on the first trial as to the causal relation between the alleged accident and death of the insured. This time, however, the hypothetical question differed from that propounded on the earlier trial by omitting any reference to the final clinical diagnosis at the Herkimer Hospital. This diagnosis included determinations of thrombosis and dilatation of the heart. Nevertheless, the plaintiff’s expert gave the same categorical answer of causal connection. Later he amplified this testimony by saying that in his opinion the insured had suffered a thrombosis as a result of the accident, which caused dilatation of the heart eventually resulting in death. This shows that the witness in fact rested his opinion on the existence of the conditions not included in the hypothetical question. Furthermore, he specifically admitted that any clinical diagnosis should be considered tentative when death follows. Thus, it was testified by the plaintiff’s doctor that “ You have got to have an autopsy in order to prove what the correct diagnosis is. * * * if you want to confirm and make an absolute diagnosis an autopsy is absolutely necessary. * * * The clinical diagnosis is the impression that the doctor has of what he thinks is the matter. ’ ’
Although the autopsy report itself was for some reason excluded from evidence, one of the doctors participating in the autopsy performed on the insured in this case testified that it revealed a marked coronary occlusion as the cause of death. Thus, instead of the left coronary artery being able to receive a probe the size of an ordinary lead pencil, it was so constricted that not even a probe the size of a pencil lead could be inserted. This witness also testified to a slight enlargement or hyper *144 trophy of the heart, but not enough to amount to dilatation, and that the occlusion was due to a coronary sclerosis existing for a period of years in this case. He said nothing, however, about finding any evidence of a thrombosis.
It thus appears that the absolute diagnosis after autopsy shows no factual basis for the tentative determinations of thrombosis and dilatation of the heart in the clinical diagnosis, on which the medical expert for the plaintiff rested his opinion.
On such a state of the record we think that the verdict of the jury in favor of the plaintiff may not be permitted to stand and should be reversed as against the weight of the credible evidence.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Dore, J. P., Cohn, Callahan, Van Yoorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.